In the Matter of the Application of the AMERICAN CIVIL LIBERTIES UNION, INC., Petitioner, for the Removal from Office of WILLIAM McADOO, Chief City Magistrate, Respondent.

First Department, May 29, 1930.

*Arthur Garfield Hayes*, for the petitioner.

*Hamilton Ward, Attorney-General* [*Robert P. Beyer* of counsel], for the respondent.

DOWLING, P. J.   The petition herein charges that on March 7, 1930, five defendants, by name William Z. Foster, Robert Minor, Joseph Lester, Harry Raymond and Israel Amter appeared before Chief Magistrate William McAdoo in the City Magistrate's Court of the City of New York, Fourth District, Borough of Manhattan, charged with violation of section 2092, subdivision 3, of the Penal Law, which section refers to unlawful assemblies, and a violation of which section constitutes a misdemeanor.   The defendants were held by the said chief city magistrate without bail.   It is claimed in the petition that the act of the said magistrate in holding the said defendants without bail was in violation of section 553 of the Code of Criminal Procedure, which provides that defendants are entitled to bail as a matter of right in cases of misdemeanor; and that by said act respondent committed a misdemeanor in violating section 1857 of the Penal Law, which provides that " Where any duty is or shall be enjoined by law upon any public officer   *   *   * every wilful omission to perform such duty   *   *   *   is punishable as a misdemeanor."

The answer of the respondent sets forth that the information charges that the defendants aforesaid, being three or more in number, did at the time and in the place mentioned therein " instigate, aid and participate in the attempt and threat then and there made of persons so assembled to do said unlawful act in and tending towards a breach of the peace, and thereafter, having then and there and thereby caused, instigated and incited in said Union Square certain persons to engage in a riot, rout, affray and unlawful assembly, all with and in unlawful resistance of the police, the said defendants did take to flight and did proceed to the said City Hall there to incite, instigate and bring about further riot, rout, affray, tumult and uproar and disturbance of the public peace and safety."   The respondent further avers that, taken together with the other allegations in the information, this allegation, in his opinion, charges the crime and felony of riot under section 2090 of the Penal Law (which is a felony) as well as the misdemeanor of unlawful assembly under section 2092 of the Penal Law. Respondent cites the case of *People* v. *Brown* (193 App. Div. 203) as holding that the crime of riot is defined in section 2090 of the

Penal Law, and its punishment provided in section 2091, and that riot is necessarily a felony in all cases under the three subdivisions of that section (2090).

Section 2090 of the Penal Law provides that: " Whenever three or more persons, having assembled for any purpose, disturb the public peace, by using force or violence to any other person, or to property, or threaten or attempt to commit such disturbance, or to do an unlawful act by the use of force o violence, accompanied with the power of immediate execution of such threat or attempt, they are guilty of riot."

Respondent contends that the controlling element in an information is the nature of the facts alleged therein; that if the facts alleged constitute a felony, then the information charges a felony, even though the facts may also constitute a misdemeanor, and even though the crime may be described as a misdemeanor in the information. In the present case, respondent avers that he regarded the information as in effect charging a riot (which is a felony) as well as an unlawful assembly, and that he still so regards it. Under the provisions of section 553 of the Code of Criminal Procedure the admission of any defendant to bail before conviction in a case of felony is a matter of discretion.

Furthermore, at the hearing held before the respondent on this information, the district attorney of the county of New York in open court said: " I wish to add, in order that your Honor may have the entire situation before you, that it is entirely conceivable that these lawless men who now stand at the bar may be arraigned on a charge of assault in the second degree, and, indeed, may find themselves amenable to a criminal prosecution for the crime of manslaughter, and that the exceedingly regrettable thing is that we are yet in ignorance as to the exact complaint or violation of law with which we shall charge them. I think it proper to submit these facts to your Honor."

An application was made for an adjournment by counsel representing the defendants, which was granted and they were held without bail. The minutes of the hearing show that no application was made to admit all or any of the defendants to bail.

The petition contains no charge of corrupt intent, malice, unfairness or bias against respondent. It does not charge that he did not exercise his best judgment in disposing of the questions before him, or that he willfully disregarded the rights of defendants. It charges him baldly with a violation of section 553 of the Code of Criminal Procedure and section 1857 of the Penal Law.

We think that, upon the record made by these pleadings and upon

the minutes of the hearing attached to the petition, the respondent was not guilty of any violation of law or of conduct that would in any way merit censure.

The proceeding should, therefore, be dismissed.

FINCH, MARTIN and O'MALLEY, JJ., concur; McAVOY, J., dissents.

McAVOY, J. (dissenting). The act of the chief city magistrate in holding the defendants without bail was doubtless in violation of section 553 of the Code of Criminal Procedure, in so far as the defendants then before him were charged with having committed a misdemeanor.

With respect to the charge based on an alleged felony, in that the defendants did " aid and participate in a riot, rout and affray " in unlawful resistance of the police, if this be a felony, the magistrate exercising a lawful discretion should have admitted them to bail, since the facts charged in the information described as a misdemeanor were practically identical with those set out as a felony, and, as we have seen in such case, regarding the acts as a misdemeanor, defendants would be entitled to bail as of right. Exercising discretion against them on the felony count amounts to an abuse of such discretion. The common practice — even in major felony charges, " infamous crimes," after indictment — is to admit defendants to bail in practically all cases, excepting murder in the first degree, and no reason appears here for disregarding this custom and usage.

The statement before the court by the district attorney that the defendants might later be arraigned on a charge of assault in the second degree, or " might find themselves amenable to a criminal prosecution for the crime of manslaughter," was not contained in the information, and the magistrate was without any jurisdiction to hold them without bail, or even in bail on a charge not before him. Such statement, therefore, furnishes no ground for exercising a discretion against the defendants' in the matter of bail upon the felony charge.

I think that the respondent acted arbitrarily in refusing bail within or without his discretion, and attempted to proceed in violation of the express rights of the defendants under the Code of Criminal Procedure which gave them the absolute privilege to be enlarged on bail on the misdemeanor charge. I, therefore, dissent and vote to admonish the respondent for his failure to obey the command of the statute.

Proceeding dismissed.